UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER VANARNAM,

    Plaintiff,

                                                   Case No. 12-14397
                                                   HON. GERSHWIN A. DRAIN

vs.

THE COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#20], OVERRULING PLAINTIFF'S OBJECTION [#25], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#16], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#19] AND AFFIRMING THE DECISION OF THE COMMISSIONER**

**I.    INTRODUCTION**

This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Christopher Vanarnam's claim for judicial review of Defendant Commissioner of Social Security's ("the Commissioner") denial of his application for disability insurance benefits. The matter was referred to Magistrate Judge Michael Hluchaniuk, who issued a Report and Recommendation on February 14, 2014, recommending that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the decision of the Commissioner. Magistrate Judge Hluchaniuk found that Plaintiff failed to show that there was any substantial evidence to refute the

Administrative Laws Judge's ("ALJ") finding that Plaintiff was not disabled. Plaintiff filed an objection to the Report and Recommendation on March 21, 2014. For the reasons discussed below, the Court accepts and adopts the Magistrate Judge's recommendation and concludes that the findings of the Commissioner are supported by substantial evidence warranting entry of judgment in favor of the Commissioner.

## II. ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff applied for disability insurance benefits on or about April 12, 2011, alleging a disability onset date of December 29, 1999. Plaintiff was insured through December 31, 2005. The ALJ determined that while Plaintiff suffered from some physical and mental

limitations, he was not disabled within the meaning of the Social Security Act because he retained the residual functional capacity ("RFC") to perform work with the following limitations: (a) the work was simple and unskilled with one, two, or three step instructions, (b) only involved occasional work in close proximity to co-workers and supervisors and less than occasional direct contact with the public, (c) a low stress environment with only occasional changes in the work setting, (d) limited lifting, pushing, and pulling in a low hazard environment, (e) breaks from standing, walking, or sitting every fifteen minutes, and (f) a relatively clean and stable work environment. The ALJ further opined that Plaintiff was unable to perform his past, relevant work as a member of the U.S. Navy and mess cook, but could perform other jobs that exist in significant numbers in the national economy.

Plaintiff raises numerous objections. First, Plaintiff argues that the ALJ erred in finding that the Plaintiff's mental impairment did not meet and/or equal Listed Impairment § 12.04 and/or §12.06. In order to meet either Listing § 12.04 or Listing § 12.06, Plaintiff must show that he satisfies the criteria in both Paragraphs A and B of those listings. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § § 12.04, 12.06. Paragraph A requires clinical findings which medically substantiate a mental disorder. Paragraph B requires that Plaintiff establish at least two of the following limitations: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functions; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. *Id.* Plaintiff argues that he satisfied the Paragraph B requirements of both § 12.04 and §12.06 by having "marked" difficulties in restrictions on daily living activities, maintaining social functioning, and in maintaining concentration, persistence or pace. However, Plaintiff failed to identify any medical evidence to support such a finding.

The ALJ determined that Plaintiff's condition caused only mild restrictions on daily living activities, as between 1999 and 2005 he did not receive treatment for any mental impairment, was able to work several jobs, assist in raising two young sons, and any anger outbursts were at least partially attributable to his recent loss of a job. While the ALJ recognized that Plaintiff's work from 2001 to 2003 constituted substantial gainful activity ("SGA") "based on the claimant's self-reported income," the ALJ proceeded with the disability analysis as if there were no SGA earnings because Plaintiff's self-report may contain inaccuracies. Therefore, Plaintiff's objection to the ALJ's conclusion that Plaintiff engaged in SGA from 2001 to 2003 is without merit.

Furthermore, based on the evidence of occasional work and Plaintiff's lack of objective findings or medical opinions to supplement his testimony of isolation and depression, the ALJ determined that Plaintiff's testimony that he spent much of his time prior to December 2005 lying on the couch watching television was not credible. Plaintiff fails to explain how the medical evidence shows that his impairments met or medically equaled either Listing and it would therefore be improper for this Court to disturb the ALJ's credibility determinations.

Second, Plaintiff argues that Magistrate Judge Hluchaniuk erred in his evaluation of the correspondence from Merri Busch, Plaintiff's Vocational Rehabilitation Counselor with the Department of Veterans' Affairs. Plaintiff relies on letters written by Ms. Busch in 2010 and 2012 to support his argument that he had greater difficulties in concentration than the limitations the ALJ found. However, any supporting evidence "must relate back to the claimant's condition prior to the expiration of her date last insured." *Wirth v. Comm'r of Soc. Sec.*, 87 Fed. Appx. 478, 480 (6th Cir. 2003). Here, the evidence Plaintiff offers post-dates

the date he was last insured, December 31, 2005, and can therefore only be considered to the extent it sheds light on Plaintiff's condition prior to December 2005. *King v. Sec'y of Health & Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990). The ALJ noted that Ms. Busch's letters indicated that in April 2005 she was hopeful Plaintiff could be vocationally rehabilitated, and then proceeded to give her present-day opinion that based on the actions of Plaintiff during the intervening years, he cannot be rehabilitated in the workforce. The ALJ appropriately gave the information in Ms. Busch's letter that referred to 2005 significant weight, particularly because it was consistent with the objective and opinion evidence on the record. However, he properly disregarded her 2010 and 2012 opinions as being "unable to support a finding of disability for the period ending in December 31, 2005, because it is based almost solely on the claimant's actions and medical record for the period after December 31, 2005, with no objective indication that such limitations were present during the period pertinent to this decision." The fact that Plaintiff was unsuccessful in returning to the workforce in 2010 and 2012 cannot be considered substantial evidence of his actual condition and abilities in 2005. The Magistrate Judge properly concluded that the ALJ's findings with respect to Ms. Busch's letters were supported by substantial evidence.

Third, Plaintiff argues that Magistrate Judge Hluchaniuk erred in finding that the ALJ's credibility determination can be supported by the record. Social Security Regulations state that a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled. 20 C.F.R. § 404.1529(a). Instead, Plaintiff must have some objective medical evidence to support his subjective opinions. This Court is required to give greater weight to the ALJ's analysis because he was present during the testimony and observed the witness's demeanor while testifying. *Jones* v. Comm'r of Soc. Sec., 336 F.3d

469, 476 (6th Cir. 2002). The Court should not usurp the ALJ's analysis absent compelling reasons. In the instant case, the ALJ's reasoning is thorough, detailed, and supported by the record. The ALJ explained that Plaintiff's medical treatment history, statements to his treating physicians that he could run and play with his children, and the lack of any diagnosis from a treating or consulting physician that Plaintiff was disabled did not support Plaintiff's claimed limitations. Moreover, the ALJ did not fully reject Plaintiff's claims, but acknowledged that Plaintiff had multiple severe impairments and accommodated Plaintiff's work-related limitations in his RFC determination. The ALJ's determination was reasonable and supported by substantial evidence.

Fourth, Plaintiff argues that Magistrate Judge Hluchaniuk erred in agreeing with the ALJ to give significant weight to a state nonexamining physician, who did not have the opportunity to review all of Plaintiff's medical records. In his review of Dr. Edmunds' analysis, the ALJ first noted that State agency doctors are "highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." *See* C.F.R. § 404.1527(e)(2)(I). Furthermore, the ALJ gave Dr. Edmunds' opinion significant weight because he was able to review Plaintiff's medical records "and his opinion [was] generally consistent with the objective evidence contained within." Plaintiff maintains that Dr. Edmunds' opinion is incomplete because Plaintiff submitted 777 pages of Veterans Administrative medical records right before the hearing, which Dr. Edmunds could not have had time to fully review before formulating his opinion. However, Plaintiff fails to explain how the later records contained findings inconsistent with Dr. Edmunds' opinion that Plaintiff could perform a limited category of light work. The ALJ appropriately relied on Dr. Edmunds' opinion.

### III.   CONCLUSION

Accordingly, Plaintiff's objection [#25] is OVERRULED. The Court hereby ACCEPTS and ADOPTS Magistrate Judge Michael Hluchaniuk's February 14, 2014 Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment [#19], and DENIES Plaintiff's Motion for Summary Judgment [#16].

This cause of action is dismissed.

SO ORDERED.

Dated:  March 28, 2014

/s/Gershwin A Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 28, 2014, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk